Filed 11/26/13  In re J.M. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | B248751 (Los Angeles County Super. Ct. No. CK96127) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. C.M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy R. Saito, Judge.  Affirmed.

Law Office of John M. Kennedy, John M. Kennedy, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Melinda A. Green, Senior Associate County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

B.A. (mother) is the mother of three-year-old J.M. and one-year-old J.A. C.M. (father) is the tentative presumed father of J.M., and Jeremie A. is the father of J.A. The juvenile court sustained certain counts in an amended Welfare and Institutions Code section 300 (section 300) petition as to J.M. and J.A. based on alleged misconduct by mother, father, and Jeremie A., and declared J.M. and J.A. to be dependents of the juvenile court. Father contends that insufficient evidence supports the juvenile court's jurisdictional finding that J.M. was at risk of physical harm and danger because father and mother had an "unresolved history of domestic abuse and engaging in violent altercations." Because father does not contest all of the grounds on which the juvenile court found jurisdiction over J.M., we affirm.

## THE SUSTAINED AMENDED PETITION[1]

The Los Angeles County Department of Children and Family Services filed an amended section 300 petition alleging that J.M. came within the jurisdiction of the juvenile court under subdivisions (a) [serious physical harm], (b) [failure to protect], and (j) [abuse of sibling]. At the adjudication hearing, the juvenile court sustained the following counts:

a-1 and b-1: "On 10/20/2012, the children [J.M.] and [J.A.]'s mother, [B.A.], and the mother's male companion, Jeremy [*sic*] [A.], father of the child [J.A.], engaged in a violent altercation in which the [A.] father physically assaulted the mother in the children's presence. The [A.] father brandished a knife at the mother and threatened the mother with the knife. On 10/18/2012, the [A.] father grabbed the mother by the neck and choked the mother. Such violent conduct on the part of the [A.] father against the

---

[1]    As we discuss below, we affirm the juvenile court's order finding jurisdiction over J.M. because father does not contest all of the juvenile court's jurisdictional findings and thus effectively concedes that the uncontested findings are supported by substantial evidence. Because of father's concession that substantial evidence supports the juvenile court's finding of jurisdiction, a recitation of the facts supporting jurisdiction is unnecessary.

mother endangers the children's physical health and safety and places the children at risk of physical harm, damage and danger."

a-2 and b-4: "The child [J.M.]'s mother, [B.A.], and father, [C.M.], have an unresolved history of domestic violence and engaging in violent altercations. On a prior occasion, the father struck the mother's arm and leg with the father's fists and pulled the mother out of the home. The mother struck the father's arm with a stick, inflicting a scratch to the father. Such violent conduct on the part of the mother and father endangers the child's physical health and safety and places the child at risk of physical harm and damage."

b-2 and j-1: "On 10/20/2012, the children [J.M.] and [J.A.]'s mother, [B.A.], placed the two year old child [J.M.] in a detrimental and endangering situation in that she left the two year old child home alone without adult supervision. Such a detrimental and endangering situation created for the child [J.M.] by the mother endangers the child's physical health, safety and well being, creates a detrimental home environment and places the child and the child's sibling, [J.A.], at risk of physical harm, damage and danger."

b-3: "On 10/20/2012, the children [J.M.] and [J.A.]'s home was found to be in a filthy and unsanitary condition. Such condition included no running water in the home, a non-working stove, feces on the toilet, a dirty kitchen, food and trash on the ground, and clothes throughout the home. Such a filthy and unsanitary home environment established for the children by the children's mother, [B.A.], and the mother's male companion, Jeremy [*sic*] [A.], father of the child [J.A.], endangers the children's physical health and safety, creates a detrimental home environment for the children, and places the children at risk of physical harm and damage."[2]

---

**2** The juvenile court sustained another count as to J.A. based on Jeremie A.'s history of substance abuse, and struck a substance abuse count as to father, finding that there was not a nexus between father's current marijuana use and the care of J.M.

3

Father contends that the juvenile court's finding that it had jurisdiction over J.M. because he and mother had an "unresolved history of domestic abuse and engaging in violent altercations" is not supported by substantial evidence. Father's challenge to that jurisdictional finding is limited to the sufficiency of the evidence as to father. Father does not challenge the sufficiency of the evidence supporting that finding as to mother, instead contending that the evidence shows that mother, and not father, was responsible for prior domestic abuse. Father also does not challenge the juvenile court's finding that it had jurisdiction over J.M.. under section 300, subdivisions (a), (b), and (j) based on Jeremie A.'s and mother's violent altercation in which Jeremie A. physically assaulted mother in J.M.'s presence, mother's leaving J.M. at home alone without adult supervision, and the filthy and unsanitary condition of mother's home. Because father does not challenge these bases for juvenile court's finding that it had jurisdiction over J.M., we need not reach the challenged jurisdictional finding based on father's and mother's "unresolved history of domestic abuse and engaging in violent altercations."

For jurisdictional purposes, it is irrelevant which parent created the circumstances that establish jurisdiction. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) "'[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent. [Citation.] This accords with the purpose of a dependency proceeding, which is to protect the child, rather than prosecute the parent. [Citation.]'" (*In re Alexis H.* (2005) 132 Cal.App.4th 11, 16.) Thus, "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence. [Citations.]" (*In re I.A., supra,* 201 Cal.App.4th at p. 1492.) Because father does not challenge the juvenile court's finding that it had jurisdiction over J.M. under section 300, subdivisions (a), (b), and (j) based on Jeremie A.'s and mother's violent altercation in which Jeremie A. physically assaulted mother in J.M.'s presence, mother's leaving J.M. at home alone without adult supervision, and the filthy and unsanitary condition of mother's home, we

need not reach father's challenge to the juvenile court's jurisdictional finding based on father's and mother's "unresolved history of domestic abuse and engaging in violent altercations." (*In re I.A., supra,* 201 Cal.App.4th at p. 1492; *In re Alexis H., supra,* 132 Cal.App.4th at p. 16.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

KUMAR, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.